IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Karen Agnes Marquardt, as Personal Representative of the Estate of Jessica Lang,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Victoria's Secret Stores, LLC; Victoria's Secret Stores, Inc. (East Reynoldsburg, Ohio); Limited Brands, Inc.; and John Doe Corporations 1-10,<br><br>　　　　　　　Defendants. | Civil Action No. 6:08-642-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

Jessica Lang initially brought this products liability action in state court alleging that a bra she purchased from Victoria's Secret caused a laceration to her breast that resulted in her suffering lost wages, pain and suffering, future disability, loss of prospective business relations, and medical expenses. The case was removed to this court on February 25, 2008. Ms. Lang later died,[1] and her mother, Karen Agnes Marquardt, was substituted as plaintiff as the personal representative of the estate of Ms. Lang.

On February 23, 2009, the plaintiff's counsel filed a motion to withdraw as attorney. The Honorable Henry F. Floyd, United States District Judge, deferred ruling on February 25, 2009, and gave the plaintiff 30 days to secure new counsel or to inform the court that she wished to proceed *pro se.* On March 27, 2009, Judge Floyd granted the plaintiff's counsel's motion to withdraw.

---

[1] Ms. Lang's death is not a subject of this litigation.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On April 14, 2009, the defendants filed a motion for summary judgment. By order of this court filed April 15, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On April 21, 2009, the plaintiff filed her response in opposition to the motion for summary judgment.

The defendants argue that the plaintiff is not permitted to represent the decedent's estate *pro se.* S.C. Code Section 40-5-310 makes unlawful the representation of another by non-attorneys, such as the plaintiff, in South Carolina courts. The South Carolina Supreme Court has construed the statute to prohibit representation of an estate by a non-lawyer personal representative. *Brown v. Coe*, 616 S.E.2d 705, 707-708 (S.C. 2005). The Second Circuit Court of Appeals has held "that an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2nd Cir. 1997). According to the court, "the action cannot be described as the litigant's own, because 'the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome' of the proceedings." *Id.* at 393 (quoting *Reshard v. Britt*, 839 F.2d 1499, 1583 (11th Cir. 1988)). The court did not decide whether an administratrix or executrix who is the sole beneficiary of an estate without creditors may appear *pro se* on its behalf. *Id.* In an unpublished opinion, the Fourth Circuit Court of Appeals noted that it had not addressed this issue but that other circuits had held that "the personal representative of an estate cannot represent the estate *pro se* if there are other beneficiaries or creditors involved." *Witherspoon v. Jeffords Agency, Inc.*, No. 03-1467, 2004 WL 370230, *1 (4th Cir. 2004) (citing *Pridgen*, 113 F.3d at 393 and *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir.

2002)). The court remanded that case to the district court for further proceedings to ascertain whether there were any other interested parties to the estate. Further, in an unpublished decision, the United States District Court for the Western District of North Carolina has held that "[t]he legal interests of an 'estate,' as a matter of both federal and state law, cannot be pursued by an administrator proceeding *pro se*." *Beyer v. N.C. Div. of Mental Health, Dev. Disabilities and Substance Abuse*, No. 1:01CV50-T, 2001 WL 1319506, *1 (W.D.N.C. 2001).

Based upon the foregoing, on April 28, 2009, this court directed the plaintiff to answer the following special interrogatories:

(1) Is she a beneficiary of the estate of Ms. Lang?

(2) Are there other beneficiaries of the estate?

(3) Are there any creditors of the estate?

On May 13, 2009, the plaintiff filed her responses to the special interrogatories. The plaintiff responded that she is not a beneficiary of Ms. Lang's estate and that Ms. Lang's young daughter is the sole beneficiary (resp. special interrog. at 1). Accordingly, on June 2, 2009, this court issued an order directing the plaintiff that she cannot appear *pro se* on behalf of Ms. Lang's estate. The plaintiff was told that she must secure counsel on or before June 23, 2009, or this court will recommend that the action be dismissed. The court has had no response from the plaintiff.

Now, therefore, based upon the foregoing, this court recommends that the instant action be dismissed.

    s/William M. Catoe
    United States Magistrate Judge

July 9, 2009

Greenville, South Carolina